FILED
2012 Sep-28  PM 02:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **DAVID PREWITT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 7:11-CV-2577-VEH** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff David Prewitt (hereinafter "Mr. Prewitt") brings this action pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act. He seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner" or "Secretary"), who denied his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] Mr. Prewitt timely pursued and exhausted his administrative remedies available before the Commissioner.

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.[2]

## FACTUAL AND PROCEDURAL HISTORY

Mr. Prewitt was a 33-year-old male at the time of his hearing before the administrative law judge (hereinafter "ALJ"). (Tr. 115). He has a high school education. (Tr. 60). Mr. Prewitt claims he became disabled on December 18, 2007, due to scoliosis and fracture of the second and third metatarsal bones of the left foot. (Tr. 25).

His past work experiences include employment as a dishwasher and a dishwasher/janitor. (Tr. 157). Mr. Prewitt has been working as a mall janitor since February 2009 and continues to work there. (Tr. 28).

Mr. Prewitt filed concurrent applications for SSI and a period of DIB on January 15, 2008. (Tr. 71, 72, 115-17). His claims were denied by the Regional Commissioner on April 24, 2008. (79-80).

Mr. Prewitt timely requested a hearing, which was held on December 3, 2009, in Tuscaloosa, Alabama. (Tr. 35). The ALJ concluded that Mr. Prewitt was not disabled and issued his written decision denying his application for benefits on January

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

12, 2010.  (Tr. 23-31).  The ALJ's decision denying benefits became the final decision of the Commissioner when the Appeals Council denied Mr. Prewitt's request for review on May 20, 2011 (Tr. 1–4).

Mr. Prewitt filed his Complaint on July 14, 2011, which asks this court to review the ALJ's decision.  (Doc. 1). Mr. Prewitt also filed a motion for leave to proceed *in forma pauperis* on July 14, 2011 (Doc. 2).  This court denied the request to proceed *in forma pauperis* on July 20, 2011. (Doc. 4) This court has carefully considered the record and affirms the decision of the ALJ.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id*.  Substantial evidence is "more than a scintilla, but less than a

preponderance." *Id.* Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, as current through September 13, 2012.

result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)     whether the claimant is currently employed;
(2)     whether the claimant has a severe impairment;
(3)     whether the claimant's impairment meets or equals an impairment listed by the Secretary;
(4)     whether the claimant can perform her past work; and
(5)     whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id*.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found that Mr. Prewitt has not engaged in substantial gainful activity since December 18, 2007. (Tr. 25). He also found that the medical evidence supported a finding that Mr. Prewitt's impairments of scoliosis and fracture of second and third metatarsal bones in the left foot were considered "severe" according to Social Security Ruling 96-3p. (*Id.*) The ALJ then held that those medically determinable impairments, in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404 Appendix 1, Subpart P, of the Social Security Regulations. (Tr. 26).

The ALJ concluded that Mr. Prewitt's impairments prevent him from performing his past relevant work. (Tr. 29). The ALJ determined that Mr. Prewitt retains a residual functioning capacity to perform sedentary work,[4] with the following modifications and additional limitations: "lift and/or carry limited to 10 pounds occasionally and 10 pounds frequently; stand and/or walk 4 hours in an 8-hour work day; sit for 6 hours in an 8-hour work day; add a sit/stand option; and he experiences mild to moderate pain." (Tr. 26).

---

[4]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required and other sedentary criteria are met." 20 C.F.R. § 416. 967(a).

6

In reaching his conclusion, the ALJ made reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (hereinafter "grids"). (Tr. 29). The ALJ acknowledged that Mr. Prewitt had certain limitations that prevented him from performing a "full range" sedentary work. Nevertheless, using the grids and Rule 202.13 as a framework for decision-making and considering the vocational expert's testimony that there are a significant number of unskilled, light-range jobs in the national and local economy that Mr. Prewitt could perform, the ALJ concluded that Mr. Prewitt was not disabled within the meaning of the Social Security Act. (Tr. 30-31).

Accordingly, the ALJ determined that Mr. Prewitt was not eligible for DIB because he was not disabled under §§ 216(i) and 223(d) of the Social Security Act. Likewise, he found he was not eligible for SSI because he was not disabled under § 1614(a)(3)(A) of the Social Security Act. (Tr. 31).

## ANALYSIS

The court can reverse a finding of the Commissioner if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th

Cir. 1980)).[5]

Mr. Prewitt argues that the ALJ's decision denying his claim for disability benefits "is not supported by substantial evidence and should be reversed." (Doc. 9 at 2). He contends that "the ALJ's decision cannot be based upon substantial evidence and his decision is due to be reversed and benefits awarded." (*Id.* at 11.) In the alternative, Mr. Prewitt argues that his case be remanded "for a full and proper consideration of the medical evidence of record, including the ordering of a medical examiner and orthopedic consultative examination." (*Id.*)

In its review, this court finds that the ALJ's decision was supported by substantial evidence and that the ALJ applied the correct legal standards.

## I.    THE ALJ'S CONCLUSION THAT MR. PREWITT WAS NOT DISABLED IS SUPPORTED  BY SUBSTANTIAL  EVIDENCE.

Mr. Prewitt maintains that the ALJ's decision is not supported by substantial evidence because the ALJ (1) failed to fully and fairly develop the record, (2) failed to obtain a second consultative examination, and (3) determined Mr. Prewitt's RFC assessment without a medical opinion. (Doc. 9 at 6-8).

The Commissioner is charged with the duty to weigh the evidence, resolve

---

[5]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

material conflicts in testimony, and determine the case accordingly. *See Watson v. Heckler*, 738 F.2d 1169, 1172 (11th Cir. 1984); *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). "Even if the evidence preponderates against the [Commisioner's] factual findings, we must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Mr. Prewitt bears the burden of proving that he is disabled. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) ("[T]he claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim."). Mr. Prewitt did not satisfy that burden.  This court finds that the ALJ's determination that Mr. Prewitt was not disabled is supported by substantial evidence.

## A.   The ALJ fully and fairly developed the record.

As the ALJ described in detail in his decision, Mr. Prewitt's treatment records, reflecting significant gaps, and his subsequent work as a mall janitor diminishes the credibility of his allegations of disability. (Tr. 26-29). Plaintiff's foot was fractured at work in December 2007 and put in a boot cast. (Tr. 185, 193-97). Plaintiff was treated in the emergency room (ER) for foot pain on January 7, 2008, and had swelling and pain when following up with his orthopedist two days later. (Tr. 192, 242). The

swelling subsided by later that month, however, and Mr. Prewitt's orthopedist cleared him to begin therapy. (Tr. 246). By February 6, 2008, less than two months after Mr. Prewitt's injury, his foot's range of motion had improved and the swelling and tenderness was reduced. (Tr. 247). Mr. Prewitt's orthopedist did not record any complaints of pain and recommended that he increase weight bearing. (*Id.*).

Mr. Prewitt continued to see his orthopedist for monthly follow-up visits from March to June 2008, and his treatment notes reflect improvement and healing. (Tr. 256, 285-88). On May 6, 2008, Plaintiff told his orthopedist that he wanted to be released to return to work. (Tr. 286). His orthopedist noted it was difficult "without an exam" to evaluate if it was in Mr. Prewitt's best interest to return to work, however, he allowed Mr. Prewitt to do so. (*Id.*)

On July 30, 2008, Mr. Prewitt saw his orthopedist again and was doing "reasonably well," with a full range of motion in his foot, no swelling, and only a "minimal" limp. (Tr. 284). Mr. Prewitt's orthopedist advised he could return to his full range of activities. (*Id.*). Treating physician's opinions are generally entitled to controlling weight. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Approximately five months passed until Mr. Prewitt sought treatment for foot pain – on December 4, 2008, Mr. Prewitt was treated in the ER for foot and back pain

and sent home with a prescription for Motrin. (Tr. 290-97). As the ALJ noted, Mr. Prewitt had no subsequent treatment for foot pain, undermining his claim that his healing foot fractures rendered him disabled. (Tr. 28). The ALJ expressly discussed ER visits months later, in August and September 2009. (Tr. 27). The ALJ stated, "In August and September 2009 the claimant once again went to the ER...for back pain. He was treated and discharged with a prescription for pain medication." (*Id.*).

The December 4, 2008 ER visit was the first time, subsequent to Mr. Prewitt's alleged disability onset in 2007, that he sought treatment for back pain. (Tr. 290-325). Mr. Prewitt did not seek treatment for back pain again until the ER visits in August and September 2009. (*Id.*). In April 2008, Mr. Prewitt told consultative examiner Dr. Joven de los Reyes ("Dr. de los Reyes") that Advil and Ibuprofen helped him relieve his back pain. (Tr. 255). At the hearing in December 2009, Mr. Prewitt testified that his pain level is just 2 or 3 on a scale of 1 to 10 when he takes medication. (Tr. 59).

Despite alleging that he is disabled, Mr. Prewitt has been working as a mall janitor since February 2009. (Tr. 44). For as many as 40 hours per week, he cleans the mall's food court area and performs tasks such as picking up trash, cleaning tables, and carrying trays. (Tr. 44-45, 57). The ALJ concluded these activities are not consistent with complaints of disabling symptoms and limitations. (Tr. 28). Mr. Prewitt's work

as a janitor and his limited treatment records for pain are substantial evidence supporting the ALJ's decision.

Mr. Prewitt argues that the ALJ should not have given "good weight" to the assessment of a state agency disability specialist, Ms. Tisanne Williams ("Ms. Williams"). (Doc. 9 at 6-7). The ALJ gave her assessment "good" weight because he found it consistent with the record at the time, April of 2008. (Tr. 28; *see* Tr. 263-68). As the ALJ explained, however, he ultimately found Mr. Prewitt more limited than Ms. Williams assessed. (Tr. 28). The ALJ's agreement with Ms. Williams's assessment was based on his own conclusions about the evidence of record at the time and he ultimately did not solely rely on her assessment in forming his RFC. (*Id.*).

Mr. Prewitt also argues that the ALJ should not have afforded great weight to the findings of consultative examiner Dr. de los Reyes. Just a month before Mr. Prewitt's orthopedist released him to work, in April 2008, Dr. de los Reyes reviewed the medical record and examined Mr. Prewitt. (Tr. 253-58). Mr. Prewitt had good ranges of motion in his upper extremities, hips, and knees. (Tr. 257). Though Mr. Prewitt reported low back pain with bending, he was able to rise up repeatedly from a semi-squatting position. (*Id.*). While an x-ray revealed severe rotatory scoliosis in the upper lumbar spine, there were no degenerative damages. (Tr. 258). The ALJ found Dr.

de los Reyes's findings to be consistent with the medical record. (Tr. 28).

### B.   The ALJ was correct in not ordering a second consultative examination.

Mr. Prewitt argues that the ALJ should have developed the record by obtaining a second consultative examination. (Doc. 9 at 8). A consultative examination is warranted "where the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on [the claimant's application]." 20 C.F.R. §§ 404.1519a(b), 416.919a(b). An ALJ is not required to order a consultative examination when the record contains sufficient evidence to make an informed decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001); *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999); *Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988). A consultative examination need not be obtained to establish absolute certainty regarding a claimant's condition, as the Social Security Act requires only substantial evidence to support the ALJ's findings. *See Holladay*, 848 F.2d at 1210. Here, Mr. Prewitt has failed to show that a second consultative examination was required for the ALJ to make an informed decision about his limitations. (Doc. 9 at 8-11). The substantial evidence discussed above supports the ALJ's conclusions that Mr. Prewitt's impairments are not disabling.

13

C. **The ALJ did not err by determining Mr. Prewitt's RFC without relying on a medical source's RFC assessment**.

Mr. Prewitt argues that the ALJ erred by determining his RFC without relying on a medical source's RFC assessment. (Doc. 9 at 6-9). However, despite having the burden of proving disability, Mr. Prewitt did not provide such a medical source statement. To the contrary, Mr. Prewitt's treating orthopedist released him to work on May 6, 2008, and to a full range of activities on July 30, 2008. (Tr. 284, 286). Thus, Mr. Prewitt's own treating physician's assessment provides substantial evidence supporting the ALJ's decision. (Tr. 284).

Mr. Prewitt acknowledges, however, that there is no requirement that an ALJ rely on a medical source's opinion in determining a claimant's RFC.  As this court has previously noted, neither the Eleventh Circuit nor this court has adopted a bright line test to determine whether the lack of a treating physician's MSS as to a claimant's functional ability calls for a remand.  *Rose v. Astrue*, No. 11-cv-1186-VEH, Doc. 10 at 17-18 (N.D. Ala. Nov. 1, 2011); *Eljack v. Astrue*, 2012 WL 2476405 (N.D.Ala. June 22, 2012).  In some cases, a treating physician's MSS is necessary.  *See, e.g., id.; Clemmons v. Astrue*, No. 3:06-CV-1058-VEH, slip op. at 11 (N.D. Ala. Jun. 11, 2007); *Coleman v. Barnhart*, 264 F. Supp. 2d 1007, 1010 (S.D. Ala. 2003).  In others, it is not. *See, e.g., Green v. Social Security Administration*., 223 Fed. App'x 915, 923

(11th Cir. 2007) (ALJ discounted a treating physician's opinion regarding claimant's functional abilities and limitations, but there otherwise remained substantial evidence to find the claimant not disabled); *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (lack of a treating physician's medical opinion did not invalidate the ALJ's RFC assessment because there existed substantial evidence, outside the objective medical evidence, supporting such); *Dudley v. Astrue*, No. 3:06-CV-1286-VEH (N.D. Ala. Apr. 24, 2007) (similar); *Cash v. Astrue*, No. 5:07-CV-0952-VEH (N.D. Ala. May 15, 2008) (similar); *Eljack v. Astrue*, 2012 WL 2476405 (similar). In sum, the outcome of these cases turns upon the sufficiency *vel non* of other evidence in the record that supports the ALJ's RFC determination even in the absence of a MSS from the claimant's treating physician. *Malone*, slip op. at 26.

Based on the particular facts and circumstances of this case, the court does not find that an RFC from a medical doctor was necessary to substantially support the ALJ's decision. While the ALJ considers any doctors' opinions of record in assessing a claimant's RFC, such opinions are different from an RFC assessment. *See* 20 C.F.R. §§ 404.1513(b)(c), 416.913(b)(c), 404.1527(b)(c), 416.927; SSR 96-5p, 1996 WL 374183. "A medical source statement is evidence that is submitted to [the Commissioner] by an individual's medical source reflecting the source's opinion based on his or her own knowledge, while an RFC assessment is the adjudicator's ultimate

finding based on a consideration of this opinion and all the other evidence in the case record about what an individual can do despite his or her impairment(s)." SSR 96-5p; *see* 20 C.F.R. §§ 404.1545, 416.945, 404.1546(c), 416.946(c). Indeed the RFC is an issue reserved for determination by the ALJ and, even when a medical source submits an opinion of a claimant's RFC, it is not entitled to special significance. *See* 20 C.F.R. §§ 404.1527(e), 416.927(e); *see* SSR 96-5p.

The ALJ upheld his duty to consider the medical and other evidence of record in making his assessment of Mr. Prewitt's RFC. (Tr. 26-31). *See* 20 C.F.R. §§ 404.946(c), 416.1546(c), 404.1513(b), 416.913(b), 404.1527, 416.927, 404.1545, 416.945. The ALJ's finding is supported by substantial evidence, including Mr. Prewitt's limited and successful treatment history, Mr. Prewitt's treating physician's findings, the findings of consultative examiner Dr. de los Reyes, and Mr. Prewitt's subsequent work as a mall janitor. (Tr. 23-31). The ALJ clearly set forth Mr. Prewitt's abilities and limitations in the decision. (Tr. 28). Given the depth and explicitness of the ALJ's considerations, there is substantial evidence that the ALJ fully and fairly developed the record.

## **CONCLUSION**

Based upon the court's evaluation of the evidence in the record and the

submission of the parties, the court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence.  Accordingly, the decision of the Commissioner will be affirmed by separate order.

**DONE** and **ORDERED** this the 28th day of September, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

17